UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION  NO. 1:06CV-134-M

LYMAN POWELL                                                                                          PLAINTIFF

v.

HARTFORD FINANCIAL SERVICES GROUP, INC.                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon objections to the Magistrate's Order (DN 20) granting Plaintiff Lyman Powell's ("Powell") Motion for Leave to Take Discovery.  In its objections, Hartford argues that the Magistrate's Order was contrary to clearly established Sixth Circuit authority which holds that discovery is not appropriate in an ERISA action absent a threshold showing by a plaintiff of a procedural challenge to a plan administrator's decision.  For the following reasons, Hartford's objections are **overruled.**

**FACTS**

Following a decision by the Defendant to terminate his long-term disability benefits, Plaintiff Powell filed an administrative appeal. In conjunction with his appeal, the Defendant referred his file to University Disability Consortium ("UDC"), an independent contractor that conducts medical reviews for disability claims.  The physician who reviewed Mr. Powell's file for UDC concluded that Mr. Powell's medical records contained no objective evidence indicating that he could not perform sedentary work. (AR 63). Based in part upon the medical opinion provided by UDC, the Defendant upheld its decision to terminate Mr. Powell's long-term benefits. Mr. Powell then instituted this ERISA action seeking judicial review of Defendant's decision to terminate his long-term disability benefits and filed a subsequent Motion for Leave to Take Discovery. (DN 15).

Through discovery, Powell seeks to serve several interrogatories upon Defendant Hartford regarding the number of times Hartford has obtained a medical opinion concerning a claim for long-term disability benefits through UDC; the number of times a medical opinion obtained through UDC has supported Hartford's decision to deny a claim for long-term disability benefits; and the amount of money Hartford has paid UDC for its medical opinions relating to claims for long-term disability benefits (DN 15, Attach. 1). To bolster his argument for discovery, Mr. Powell submitted a copy of a Westlaw search, generated by using the search terms "Hartford" and "University Disability Consortium," which shows that Hartford has used the services of UDC in relation to disability claims at least thirty-four times since 1998. (DN 15, Attach. 2). On January 12, 2007, the Magistrate granted Mr. Powell's motion for discovery (DN 20) and Hartford then filed objections to the Magistrate's order (DN 21).

## STANDARD OF REVIEW

Pursuant to Rule 72(a), upon objections to a magistrate judge's order concerning a non-dispositive matter, the district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

## DISCUSSION

In ERISA actions, discovery is generally not allowed. A court's review of a denial of benefits under ERISA is ordinarily limited to consideration of the administrative record upon which the claim was based. <u>Wilkins v. Baptist Healthcare System, Inc</u>. 150 F.3d 609, 615 (6th Cir. 1998); <u>Perry v. Simplicity Eng'g</u>, 900 F.2d 963, 966 (6th Cir. 1990). However, the Sixth Circuit has held that, in some limited instances, consideration of evidence outside the administration may be

appropriate:

> The district court may consider evidence outside of the administrative record only if that evidence is offered in support of procedural challenge to the administrator's decisions, such as an alleged lack of due process or alleged bias on its part. This also means that any pre-hearing discovery at the district court level should be limited to such procedural challenges.

Wilkins, 150 F.3d at 619. The Sixth Circuit then elaborated on this discovery rule in Moore v.Lafayette Life Insurance Co. and held that where a court allows discovery under the Wilkins "procedural challenge" exception, further discovery into a plaintiff's substantial claims should only be allowed where the initial limited discovery supports the plaintiff's procedural challenge allegations. 458 F.3d 416, 430-431 (6th Cir. 2006). Taken together, Wilkins and Moore establish the Sixth Circuit's rule on the limited discovery that is allowed in ERISA actions.

The Sixth Circuit has, in one unpublished opinion, addressed the issue of what, if any, initial showing by a plaintiff is necessary to warrant discovery in an ERISA action. In Putney v. Medical Mutual of Ohio, the court held that a "mere allegation of bias is not sufficient to permit discovery under Wilkins' exceptions."111 Fed. Appx. 803, 807 (6th Cir. 2004). Thus, the court upheld the district court's decision to deny discovery since "the record did not reflect any facts to support a claim that discovery might lead to evidence of [bias]." Id.

Here, notwithstanding Putney, the parties disagree on how the discovery rule outlined in Wilkins and Moore rule should be interpreted. The Defendant relies upon an oft-cited district court opinion interpreting the Wilkins rule to imply "that a claimant must identify the specific procedural challenge(s) about which he complains and that discovery must then be limited to those procedural challenges." Bennett v. Unum Life Ins. Co., 321 F.Supp.2d 925, 932 (E.D. Tenn. 2004) (followed by Ray v. Group Long Term Disability Policy, 2007 U.S. Dist. LEXIS 2169 (S.D. Ohio); Bradford

3

v. Metro Life Ins. Co., 2006 U.S. Dist. LEXIS 20886 (E.D. Tenn); Semien v. Life Ins. Co. of N. Am., 436 F.3d 805 (7th Cir. 2006); Rubber Shop, Inc. V. Benicorp Ins. Co., 238 F.R.D. 618 (N.D. Ind. 2006)). The Bennett court rejected the notion that "discovery should be permitted in every case where the plan administrator has a conflict of interest, because such a rule is inconsistent with the policy favoring expeditious and inexpensive review of the denial of ERISA benefits." Ray, 2007 U.S. Dist. LEXIS 2169 at *6. Under this line of reasoning, which seems to coalesce with the Sixth Circuit's unpublished opinion in Putney, discovery should not be granted where the plaintiff has not made a sufficient "threshold showing" that the administrator's decision to terminate his disability benefits may have been the result of bias and a conflict of interest. Ray, 2007 U.S. Dist. LEXIS 2169 at *5; Bennett, 321 F. Supp.2d at 933. Thus, Defendant argues that discovery should not be allowed here because the Plaintiff has made not the made a "threshold showing" that bias on the part of the physician hired by UDC affected Hartford's decision to terminate the Plantiff's long-term disability benefits.

The Plaintiff, however, relies upon another line of cases. The Plaintiff first notes the Sixth Circuit observation that a "conflict of interest" is inherent where a plan administrator pays a physician to review disability claims because an insurance company has a "clear incentive to contract with individuals who [are] inclined to find in its favor..." Calvert v. Firstar, 408 F.3d 286, 292 (6th Cir. 2005). Accordingly, the Sixth Circuit has held that a district court should factor this conflict of interest into its analysis when it considers whether a plan administrator's decision to deny or terminate disability benefits was "arbitrary and capricious." Id. at 293; see also Kalish v. Liberty Mutual Life Assur. Co. of Boston, 419 F.3d 501, 507 (6th Cir. 2005)("we may consider whether a consultant engaged by a plan may have an incentive to make a finding of not disabled as a factor in

4

determining whether the plan administrator acted arbitrarily and capricicously in deciding to credit the opinion of its paid, consulting physician.")(following Black and Decker Disability Plan v. Nord, 538 U.S. 822, 832 (2003)). Additionally, in attempting to duly consider the role of bias in their analyses, several courts, including the Calvert court itself, have observed that they would have been in a better position to determine the weight that should be given a recognized conflict of interest or potential bias *if the issue had been explored through discovery*. See, e.g., Calvert, 409 F.3d at 293, n.2 ("The Court would have a better feel for the weight to afford this conflict of interest if [the plaintiff] had explored the issue through discovery."); Railey v. Coop. Benefit Adm'rs, Inc., 2006 U.S. Dist. LEXIS 37361 (W.D. Ky.) ("Here, Plaintiff does not present any empirical data which would be helpful, such as whether [the consulting agency] finds for plan administrators, especially [the Defendant}, at an abnormally high rate.") It is the Plaintiff's position that the Wilkins-Moore rule, when considered with these judicial lamentations regarding the lack of discovery on the conflict of interest issue, allows for limited discovery on the issue in all ERISA cases where discovery appears likely to lead to probative evidence regarding bias. Thus, Plaintiff argues that discovery should be allowed here, where he has provided initial evidence - the Westlaw list- showing that the Plaintiff and UDC had a "strong and ongoing relationship." (DN 24, Plaintiff's Memorandum, p.5-6; DN 15, Attach. 2, Westlaw Search).

      Based on the above, the Court cannot conclude that the Magistrate committed a clear error of law when it granted Plaintiff's Motion for Leave to Take Discovery. It was reasonable for the Magistrate to conclude that limited discovery should be allowed here where 1) the Sixth Circuit has held that discovery is permissible in ERISA cases where bias is alleged (Wilkins); 2) the Sixth Circuit (and several district courts) have observed that discovery on the issue of bias would

facilitate a court's ability to duly factor in the role of bias in a plan administrator's decision to deny or terminate disability benefits (see, e.g., Calvert); and 3) the Plaintiff has made an initial showing that the Defendant and UDC have had a seemingly significant and lengthy relationship (the Westlaw list).

## CONCLUSION

For the foregoing reasons, Hartford's objections are **overruled** and the Magistrate's Order is hereby **upheld.** Plaintiff's Motion for Leave to Take Discovery is **GRANTED**.

cc: Counsel of Record

    USMJ Goebel